UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **GORDON SALES, INC. d/b/a GORDON INC.,** <br><br> Plaintiff <br><br> v. <br><br> **MULL-IT-OVER PRODUCTS, LLC,** <br><br> Defendant. | CIVIL ACTION NO. 1:26-cv-00766 <br><br> **JUDGE:** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff GORDON SALES, INC. d/b/a GORDON INC. ("Plaintiff" or "Gordon"), by its attorneys, for its Complaint against Defendant MULL-IT-OVER PRODUCTS, LLC ("Defendant" or "Mull-It-Over") alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of United States Patent No. 12,442,181 (the "Asserted Patent") arising under the patent laws of the United States, Title 35, United States Code, Sections 100 *et seq*. This action relates to Mull-It-Over's unauthorized manufacture, use, and commercialization of an expandable gap filler assembly known as "ExpandaMull™" (the "Accused Product"), which infringes the Asserted Patent.

**THE PARTIES**

2. Gordon is a Louisiana corporation with its headquarters in Bossier City, LA.

3. Upon information and belief, Mull-It-Over is a Michigan limited liability company with a principal place of business at 1107 Columbus Avenue, Grand Haven, Michigan 49417.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 (federal question), 1332 (diversity), and 1338(a) (patent infringement). The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Mull-It-Over because, among other things, Mull-It-Over has purposely availed itself of the rights and benefits of the laws of the State of Michigan by engaging in systematic and continuous contacts with the state such that it should reasonably anticipate being hauled into court here. For example, Mull-It-Over is an entity organized and existing under the laws of the State of Michigan, and, on information and belief, has a regular and established place of business in this judicial district at 1107 Columbus Avenue, Grand Haven, Michigan 49417. Additionally, this Court has personal jurisdiction over Mull-It-Over because Mull-It-Over, on information and belief, has purposefully availed itself of the rights and benefits of the law of the State of Michigan by engaging in acts of infringement of the Asserted Patent, including by manufacturing, using, offering for sale, and/or selling the Accused Product in this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Mull-It-Over resides in this judicial district at 1107 Columbus Avenue, Grand Haven, MI 49417, has committed acts of infringement in this judicial district by manufacturing, using, offering for rental or sale, and/or renting or selling the Accused Product, and maintains a regular and established place of business in this judicial district at 1107 Columbus Avenue, Grand Haven, Michigan 49417.

## COUNT 1: PATENT INFRINGEMENT

7. Gordon repeats and incorporates by reference the allegations of paragraphs 1-6 above.

8. On October 14, 2025, the U.S. Patent and Trademark Office duly and legally issued the Asserted Patent, titled "Telescoping Wall Gap Filler Assembly." A true and correct copy of the Asserted Patent is attached as Exhibit A. The claims of the Asserted Patent are drawn to a gap filler assembly for filling or covering a gap between an interior partition wall and an exterior wall of a building. The claims of the Asserted Patent carry a presumption of validity under 35 U.S.C. § 282(a) and are enforceable.

9. Gordon is the owner of the entire right, title, and interest in the Asserted Patent by assignment, and possesses the right to sue for and obtain equitable relief and damages for infringement of the Asserted Patent.

10. On information and belief, Mull-It-Over has directly infringed and continues to directly infringe the Asserted Patent by making, using, selling, and offering for sale in the United States (and in this district), and/or importing into the United States the Accused Product (an example of which is shown in Exhibit B) embodying the invention defined by one or more claims of the Asserted Patent, without authority or license from Gordon. More particularly, on information and belief and after a reasonable investigation, Mull-It-Over has infringed and continues to infringe at least Claims 1 and 7 of the Asserted Patent because the Accused Product includes every limitation of Claims 1 and 7.

11. Claim 1 of the Asserted Patent recites (wherein the bracketed letters are included for ease of reference):

| | |
|---|---|
| 1. [P] | A gap filler assembly for filling or covering a gap between an interior partition wall and an exterior wall of a building structure, the gap filling assembly comprising: |
| [A] | a first frame member slidingly engaging a second frame member; |
| [B] | an interior cavity defined by the first and second frame members, wherein the interior cavity has a variable volume; |
| [C] | a biasing member comprising expandable foam sound insulation material disposed within the interior cavity, wherein the expandable foam sound insulation material has a first end engaging an interior surface of the first frame member, wherein the expandable foam sound insulation material has a second end engaging an interior surface of the second frame member, and wherein the expandable foam sound insulation material is configured to exert a force on the first frame member in a direction away from the second frame member for compressing the first and second frame members between the interior partition wall and the exterior wall. |

12. The Accused Product includes a first frame member slidingly engaging a second frame member, all of which corresponds to element [A] as recited in Claim 1. *See*, Exhibit C.

13. The Accused Product includes an interior cavity defined by the first and second frame members, wherein the interior cavity has a variable volume, all of which corresponds to element [B] as recited in Claim 1. *See*, Exhibit C.

14. The Accused Product includes a biasing member comprising expandable foam sound insulation material disposed within the interior cavity, wherein the expandable foam sound insulation material has a first end engaging an interior surface of the first frame member, wherein the expandable foam sound insulation material has a second end engaging an interior surface of the second frame member, and wherein the expandable foam sound insulation material is configured to exert a force on the first frame member in a direction away from the second frame member for compressing the first and second frame members between the interior partition wall

and the exterior wall, all of which corresponds to element [C] as recited in Claim 1. *See*, Exhibit C.

15. Claim 7 of the Asserted Patent recites (wherein the bracketed letters are included for ease of reference):

| 7. [P] | A gap filler assembly for filling or covering a gap between an interior partition wall and an exterior wall of a building structure, the gap filling assembly comprising: |
|---|---|
| [A] | a first u-shaped frame member having an interior surface and an exterior surface; |
| [B] | a second u-shaped frame member having an interior surface and an exterior surface, wherein the second u-shaped frame member slidingly engages the first u-shaped frame member to define an interior cavity having a variable volume; |
| [C] | expandable foam sound insulation disposed within the interior cavity, wherein the expandable foam sound insulation comprises: (i) a first portion defining a first end, wherein the first end of the expandable foam sound insulation is adjacent to and engages the interior surface of the first u-shaped frame member; (ii) a second portion defining a second end, wherein the second end of the expandable foam sound insulation is adjacent to and engages the interior surface of the second u-shaped frame member such that the expandable foam sound insulation exerts a force on the second frame member in a direction away from the first frame member. |

16. The Accused Product includes a first u-shaped frame member having an interior surface and an exterior surface, all of which corresponds to element [A] as recited in Claim 7. *See*, Exhibit C.

17. The Accused Product includes a second u-shaped frame member having an interior surface and an exterior surface, wherein the second u-shaped frame member slidingly engages the first u-shaped frame member to define an interior cavity having a variable volume, all of which corresponds to element [B] as recited in Claim 7. *See*, Exhibit C.

18. The Accused Product includes expandable foam sound insulation disposed within the interior cavity, wherein the expandable foam sound insulation comprises: (i) a first portion defining a first end, wherein the first end of the expandable foam sound insulation is adjacent to and engages the interior surface of the first u-shaped frame member; (ii) a second portion defining a second end, wherein the second end of the expandable foam sound insulation is adjacent to and engages the interior surface of the second u-shaped frame member such that the expandable foam sound insulation exerts a force on the second frame member in a direction away from the first frame member, all of which corresponds to element [C] as recited in Claim 7. *See*, Exhibit C.

19. Upon a reasonable opportunity for discovery, it is anticipated that Gordon will identify additional claims of the Asserted Patent infringed by the Accused Product and/or identify additional products made, used, offered for sale, or sold by Mull-It-Over that infringe the Asserted Patent.

20. Gordon has complied with the marking and notice requirements of 35 U.S.C. § 287.

21. Gordon has suffered and continues to suffer injury, including irreparable injury, as a result of Mull-It-Over's infringement. Gordon is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining Mull-It-Over from infringing the Asserted Patent in accordance with 35 U.S.C. § 283.

22. By reason of Mull-It-Over's infringement, Gordon is suffering and will continue to suffer substantial damages in an amount to be determined at trial. In accordance with 35 U.S.C. § 284, Gordon is entitled to recover damages adequate to compensate it for Mull-It-Over's infringement, together with interest and costs as fixed by the Court.

23. Mull-It-Over's infringement of the Asserted Patent is willful and deliberate, entitling Gordon to enhanced damages under 35 U.S.C. § 284.

24. Mull-It-Over's infringement of the Asserted Patent is exceptional, entitling Gordon to attorney's fees incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Gordon respectfully prays that this Court enter judgment in its favor against Mull-It-Over and grant the following relief:

1. A judgment that Mull-It-Over has infringed one or more claims of the Asserted Patent;

2. An order permanently restraining and enjoining Mull-It-Over, its officers, directors, agents, attorneys, members, managers, employees, affiliates, representatives, parents, subsidiaries, successors, and assigns, and those acting in privity or concert with Mull-It-Over, from engaging in the manufacture, use, offer for sale or sale within the United States, or importation into the United States, of any product covered by the Asserted Patent, including but not limited to the Accused Product, or otherwise infringing the Asserted Patent, until after the expiration date of the Asserted Patent;

3. An award of pre- and post- judgment interest as allowed by law;

4. Damages or other monetary relief to Gordon, including an award of damages to Gordon in an amount adequate to compensate for infringement under 35 U.S.C. § 284, which damages may include lost profits but in no event shall be less than a reasonable royalty, together with costs and trebled damages;

5. Reasonable attorney's fees relating to this action pursuant to 35 U.S.C. § 285; and

6. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Gordon demands a trial by jury on all issues that are so triable.

                                      Respectfully submitted,

Dated: March 9, 2026         */s/ Kristopher K. Hulliberger*
                                      Kristopher K. Hulliberger (P66903)
                                      Howard & Howard Attorneys PLLC
                                      450 West Fourth Street
                                      Royal Oak, MI 48067
                                      (248) 723-0453
                                      kkh@h2law.com

                                      Michael K. Leachman (La. Bar No. 30158)
                                      (*application for admission forthcoming*)
                                      445 North Boulevard, Suite 800
                                      Baton Rouge, LA 70802
                                      Tel.:   (225) 248-2000
                                      Fax:   (225) 248-2010
                                      Email:  mleachman@joneswalker.com

                                      Sara I. Grasch (La. Bar No. 40376)
                                      (*application for admission forthcoming*)
                                      600 Jefferson Street, Suite 1600
                                      Lafayette, Louisiana 70501
                                      Tel.:   (337) 593-7600
                                      Fax:   (337) 593-7601
                                      Email:  sgrasch@joneswalker.com

                                      ***Attorneys for Plaintiff Gordon Sales, Inc. d/b/a Gordon Inc.***